**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ANTHONY E. SONNETT, SB# 163182
　E-Mail: Anthony.Sonnett@lewisbrisbois.com
HYE JIN LEE, SB# 328373
　E-Mail: Hye.Jin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Non-Party RAYMOND HANDLING SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| *In re* Subpoena To Raymond Handling Solutions, Inc.<br><br>Underlying Matter:<br><br>STAFF LINE, LLC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TECHNICOLOR VIDEOCASSETTE OF MICHIGAN, INC.<br><br>　　　　Defendant. | Misc. Case No.<br><br>[Underlying Case: USDC Case No. 2:20-cv-2413 (W.D. Tenn, 2020)]<br><br>**NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT TECHNICOLOR VIDEOCASSETTE OF MICHIGAN, INC.'S SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed Concurrently with [Proposed] Order; Declarations of Hye Jin Lee, Raymond D. Jamieson and Carolyn Corbin; Exhibits attached thereto]*<br><br>Date:<br>Time:<br>Courtroom:<br>Judge: |

4823-9489-7392.3

1

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that non-party Raymond Handling Solutions, Inc. ("RHSI") will and hereby does move this Court to quash the subpoena served on or about May 14, 2021 by Technicolor Videocassette of Michigan, Inc.'s ("Technicolor") on a date and time to be determined by the Court. Technicolor issued the subpoena in a civil action in the United States District Court for the Western District of Tennessee, captioned *Staff Line, LLC. v. Technicolor Videocassette of Michigan, Inc.*, Case No. 2:20-cv-2413 ("the underlying litigation").

RHSI moves to quash this subpoena—which was issued from the Western District of Tennessee where the underlying litigation is pending—in the United States District Court for the Central District of California, Western Division, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, which requires a non-party to move to quash a subpoena in "the court for the district where compliance is required." The subpoena calls for RHSI to produce documents in Los Angeles County of California. Pursuant to Civil Local Rule 7-3, counsel met and conferred on several occasions, including most recently on June 28, 2021, and were unable to resolve the issues that are the subject of this motion.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Point and Authorities, the Declarations of Hye Jin Lee, Raymond D. Jamieson, Carolyn Corbin filed herewith, the pleadings and papers on file in this matter and all other matters properly presented to the Court before its ruling.

## STATEMENT OF THE ISSUE

The Court should quash the subpoena to non-party RHSI under Federal Rule of Civil Procedure 45(d)(3)(A) as unduly burdensome because (a) it demands documents covering approximately 13-year time period, and (b) its requests are

/ / /

/ / /

4823-9489-7392.3

2

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

overbroad, vague and seek irrelevant information, and thus (c) the discovery sought from RHSI is not proportional to the needs of the case under Rule 26(b)(1).

DATED: July 2, 2021           LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     */s/ Anthony Sonnett*
       Anthony E. Sonnett
       Hye Jin Lee
       Attorneys for RAYMOND HANDLING SOLUTIONS, INC.

4823-9489-7392.3

3

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 2

    A. The Underlying Litigation .................................................................... 2

    B. The Subpoena ....................................................................................... 3

III. LEGAL STANDARD ........................................................................................ 5

IV. THE COURT SHOULD QUASH THE SUBPOENA BECAUSE THE SUBPOENA IS OVERBROAD AND UNDULY BURDENSOME ............... 6

    A. The Time Period in the Subpoena is Overbroad. .................................. 7

    B. The Subpoena's Requests are Overbroad, Vague, and Seek Irrelevant Information. ......................................................................... 8

    C. The Discovery Sought Through the Subpoena Is Not Proportional To The Needs of The Case. ............................................ 10

V. CONCLUSION ................................................................................................ 12



4823-9489-7392.3

i

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Century Sur. Co. v. Master Design Drywall, Inc.*,
　No. 09CV0280, 2010 WL 2231890 (S.D. Cal. June 2, 2010) ........................ 2, 7

*Concord Boat Corp. v. Brunswick Corp.*,
　169 F.R.D. 44 (S.D.N.Y. 1996) ............................................................................ 8

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*,
　649 F.2d 646 (9th Cir. 1980) ................................................................................ 6

*Fed. Trade Comm'n v. DIRECTV, Inc.*,
　No. 15-CV-01129-HSG(MEJ), 2015 WL 8302932 (N.D. Cal. Dec. 9, 2015) ................................................................................................................ 8

*High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*,
　161 F.R.D. 86 (N.D. Cal. 1995) ........................................................................... 6

*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*,
　209 F.R.D. 208 (D. Kan. 2002) ....................................................................... 1, 9

*Laxalt v. McClatchy*,
　116 F.R.D. 455 (D. Nev. 1986) ........................................................................... 6

*Mattel, Inc. v. Walking Mountain Prods.*,
　353 F.3d 792 (9th Cir. 2003) ................................................................................ 9

*Moon v. SCP Pool Corp.*,
　232 F.R.D. 633 (C.D. Cal. 2005) ................................................................ 5, 7, 9

*Nova Biomedical Corp. v. i-STAT Corp.*,
　182 F.R.D. 419 (S.D.N.Y. 1998) ......................................................................... 8

*Robert Half Int'l Inc. v. Ainsworth*,
　No. 14CV2481-WQH DHB, 2015 WL 4662429 (S.D. Cal. Aug. 6, 2015) ................................................................................................................... 11

*Soto v. Castlerock Farming & Transp., Inc.*,
　282 F.R.D. 492 (E.D. Cal. 2012) ......................................................................... 8

*Theofel v. Farey-Jones*,
    359 F.3d 1066 (9th Cir. 2004) .............................................................................. 6, 7

*United States v. Columbia Broadcasting System*,
    666 F.2d 364 (9th Cir. 1982) ................................................................................ 6, 7

*Williams v. City of Dallas*,
    178 F.R.D. 103 (N.D. Tex. 1998) ......................................................................... 7, 8

**Rules**

Fed. R. Civ. P. 26(b) ..................................................................................................... 11

Fed. R. Civ. P. 26(b)(1) ..................................................................................... 6, 10, 11

Fed. R. Civ. P. 45(3)(A)(iv) .......................................................................................... 1, 7

Fed. R. Civ. P. 45(d)(1) .................................................................................................... 6

Fed. R. Civ. P. 45(d)(3)(A) .............................................................................................. 5

Fed. R. Civ. P. 26 and 45 .............................................................................................. 11

Fed. R. Civ. P. 45 ............................................................................................................ 5

**Regulations**

29 CFR 1910.178(1)(3)(ii)(I) .......................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Raymond Handling Solutions, Inc. ("RHSI") is a non-party to a case pending in the Western District of Tennessee, and has been served with an extremely broad subpoena seeking twenty different categories of documents for six different models of forklifts over a thirteen year period. The subpoenaing party Technicolor Videocassette of Michigan, Inc. ("Technicolor") has ignored its obligation to avoid imposing an undue burden on non-party RHSI. The subpoena violates virtually every rule governing discovery on non-parties, and the Court should quash it.

RHSI is an authorized sales and service facility for forklifts manufactured by The Raymond Corporation. *See* Declaration of Carolyn Corbin ("Corbin Decl.") ¶ 5. RHSI does not design or manufacture Raymond forklifts. *Id.* at ¶ 6. It is a separate corporate entity from The Raymond Corporation. *Id.* at ¶ 7. RHSI did not design, manufacture, distribute, advertise, sell, service, or inspect the tether bar or order picker that is alleged to have been involved in the underlying litigation. *Id.* at ¶ 8. RHSI has done no investigation of the incident which is the subject of the underlying litigation and has no information about that incident. *Id.* at ¶ 9.

Despite having communicated these facts to counsel for Technicolor, they have refused to withdraw the subpoena and have insisted that RHSI search for responsive documents and provide a written response. *See* Declaration of Raymond D. Jamieson ("Jamieson Decl." ¶ 4.)

This Court should quash the subpoena because it imposes an undue burden on RHSI and violates the basic tenets of non-party discovery. Fed. R. Civ. P. 45(3)(A)(iv) ("the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden."). First, Technicolor has made no effort to limit the burden imposed on RHSI, and the subpoena repeatedly demands "all documents" relating to overbroad and untailored categories. *See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 215 (D.

4823-9489-7392.3

1

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Kan. 2002) (finding that requests to non-parties that "seek 'any and all' documents …[are] overly broad, vague and ambiguous on their face."). Indeed, the 13-year time period encompassed by the subpoena, standing alone, is sufficiently overbroad to render the subpoena unduly burdensome. *See, e.g., Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09CV0280, 2010 WL 2231890, at *2 (S.D. Cal. June 2, 2010) (holding that "the scope of [the subpoena's] requests [are] overbroad and burdensome on their face" because they sought documents relating to an overbroad time period). Finally, the discovery sought by the subpoena is not "proportional to the needs of the case." The scope of the subpoena alone makes it clear that the expense of compliance would impose a very substantial burden on RHSI.

## II.   FACTUAL BACKGROUND

### A.   The Underlying Litigation

The subpoena arises out of worker's compensation subrogation litigation captioned *Staff Line, LLC. v. Technicolor Videocassette of Michigan, Inc.*, Case No. 2:20-cv-2413, in the Western District of Tennessee. *See* Declaration of Hye Jin Lee ("Lee Decl.") ¶ 3, Ex. A. In the underlying litigation, Staff Line, LLC ("Staff Line") alleged (1) gross negligence/reckless conduct; (2) breach of contract; and (3) indemnification against Technicolor arising from a subject incident. *Id*. On December, 1 2018, Staff Line's assigned employee, Mack Hamer, allegedly fell from 16 feet above the ground while operating a "Technicolor stand-up forklift" ("subject order picker") at Technicolor's Memphis warehouse *Id*. at ¶ 4. According to the allegations, the mast of a Powered Industrial Truck ("PIT") operated by Technicolor's trainee employee, Frukwan Sander, collided with the pallet on Mr. Hamer's subject order picker. *Id.* The subject order picker's tether bar allegedly failed, and the lanyard ring detached from the bar. *Id*. Mr. Sander was allegedly operating the PIT at an excessive rate of speed while intoxicated. *Id*. As a result, Mr. Hamer suffered significant personal injuries for which benefits and payments were issued pursuant to Staff Line's worker's compensation insurance policy by its

4823-9489-7392.3

2

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

subrogee, Zurich American Insurance Company, using Staff Line's money in the amount over one hundred thousand dollars ($100,000.00). *Id*. at ¶ 5. The Tennessee Occupational Safety and Health Administration ("TOSHA") investigated the subject incident, and specifically cited Technicolor for the following:

- 29 CFR 1910.178(1)(3)(ii)(I): Powered industrial truck operators did not receive initial training in other unique or potentially hazardous conditions of the workplace that could affect safe operation:

- The Powered Industrial Truck Polices & Procedures did not effectively address the hazards associated with traveling near elevated Orderpicker Lift Trucks in the rack aisles.

- On 12/01/2018, the Operator of a Raymond Orderpicker Lift Truck, model EASi-OP30TT bearing serial number EASi-00-AE24614, sustained serious injuries when the mast of a Raymond Reach-Fork Truck, model750-R5TT, that was traveling down the rack aisle, struck the pallet on the Orderpicker causing the Orderpicker Lift Truck Operator to be thrown from the elevated platform and fall approximately 16 feet to the concrete floor.

*Id*. at ¶ 6.

### B. The Subpoena

On or about May 14, 2021, Technicolor served a Subpoena to Produce Documents, Information, or Objects ("the subpoena") on RHSI through its registered agent for service, Dale Adams, in Santa Fe Springs, California. *See* Ex. B. The subpoena, which contained five pages of definitions and instructions, demanded that RHSI produce documents responsive to the following twenty (20) categories, seeking at a minimum six (6) different models of order pickers, covering a 13-year time period (i.e., December 1, 2008 to the present), within three weeks:

1. *All Documents and Communications relating to the failure of tether bars on Technicolor Orderpickers.*
2. *All Documents and Communications relating to the failure of tether bars on Orderpickers.*
3. *All internal memoranda, notes, policies, and the like relating to the failure of tether bars on Technicolor Orderpickers.*
4. *All internal memoranda, notes, policies, and the like relating tothe failure of tether bars on Orderpickers.*
5. *All Documents and Communications relating to retrofitting tether bars on Technicolor Orderpickers.*

> 6. All Documents and Communications relating to retrofitting tether bars on Orderpickers.
> 7. All internal memoranda, notes, policies, and the like relating to retrofitting tether bars on Technicolor Orderpickers.
> 8. All internal memoranda, notes, policies, and the like relating to retrofitting tether bars on Orderpickers.
> 9. All procedures for retrofitting tether bars on Technicolor Orderpickers.
> 10. All procedures for retrofitting tether bars on Orderpickers.
> 11. All notices received by Raymond regarding the failure of a tether bar on any Technicolor Orderpicker.
> 12. All notices received by Raymond regarding the failure of a tether bar on any Orderpicker.
> 13. All Documents and Communications relating to the Accident.
> 14. All Documents and Communications relating to the Mack Hamer
> 15. All Documents relating to the investigation of the failure of the tether bar involved in the Accident and all findings and recommendations made in connection therewith.
> 16. All Documents and Communications evaluating, studying, analyzing, or discussing the failure or a potential failure of tether bars on Orderpickers.
> 17. All Documents and Communications relating to the development and production of retrofitted tether bars for Orderpickers.
> 18. All Documents relating to any injuries caused by tether bars on Orderpickers that failed.
> 19. All analysis, studies, recommendations, and other Documents relating to the tether bars on Orderpickers.
> 20. All Communications between Raymond and Shaw relating to tether bars on Orderpickers.

The above described subpoena was one of four similar subpoenas served on The Raymond Corporation (the asserted manufacturer of the Orderpicker involved in the underlying accident), Shaw Material Handling Systems, Inc. (the asserted lessor of the Orderpicker), and Raymond Leasing Corporation (no known connection with the accident lift truck). *See* Jamieson Decl. ¶ 3, Ex. C.

On June 16, 2021, counsel for the four served entities and counsel for Technicolor met and conferred regarding the subpoenas. *See id*. ¶ 4. Counsel for Technicolor granted all four of the served entities an extension. *Id.* In addition, counsel for Technicolor declined to withdraw the Technicolor subpoenas to

Raymond Leasing and RHSI, notwithstanding that neither entity had any involvement in the design, manufacture, or sale of the subject Orderpicker, and were not otherwise involved in or knowledgeable regarding the underlying accident. *Id*. Instead, counsel for Technicolor stated that Raymond Leasing and RHSI should respond to the subpoena and, if they possess no responsive documentation, they should state as much in the response. *Id*. The manifest problem with Technicolor's demand is that it would require RHSI to incur the expense and lost time necessary to search for documentation regarding a lift truck and accident with which RHSI has no connection. Counsel for RHSI followed up in writing on June 28, 2021, and again requested that Technicolor withdraw the subpoena, further clarifying that RHSI has not designed, manufactured, distributed, advertised, sold serviced, or inspected the subject tether bar or Technicolor Orderpicker that allegedly failed on December 1, 2018 nor has it investigated the subject incident in the underlying litigation. *Id*. at ¶ 5. However, Technicolor's counsel declined to withdraw the subpoena, and responded that RHSI had not established that it would be an undue burden to respond to the subpoena. *Id*. Based on the agreement entered into between the counsel, the compliance for the subpoena is currently due July 2, 2021. *Id*. at ¶ 6.

### III. LEGAL STANDARD

Rule 45 allows a non-party to seek to quash a subpoena if the subpoena, among other things, "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Courts also have recognized that lack of relevance is a legitimate ground upon which to seek to quash a subpoena. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena.").

Pursuant to a recent amendment to the Federal Rules of Civil Procedure, all

discovery requests must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

With respect to non-parties to a case, courts scrutinize requests even more closely for relevance and burden. *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." (internal citations omitted)); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The rule is thus well established that nonparties to litigation enjoy greater protection from discovery than normal parties.").

## IV.  THE COURT SHOULD QUASH THE SUBPOENA BECAUSE THE SUBPOENA IS OVERBROAD AND UNDULY BURDENSOME

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena," and the court must "quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1); 45(3)(A)(iv). The Ninth Circuit strictly enforces this requirement:

> The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused. Informing the person served of his right to object is a good start, but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness.

*Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004).

Indeed, because "[n]onparty witnesses are powerless to control the scope of litigation and discovery," "the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra production from the courts." *United States v. Columbia Broadcasting System*, 666 F.2d 364, 371 (9th Cir. 1982); *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). Ultimately, the Ninth Circuit has determined that nonparties

4823-9489-7392.3

6

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

"should not be forced to subsidize an unreasonable share of the costs of a litigation," and accordingly, "more stringent restrictions should be enforced … where discovery is requested from non-parties." *Columbia Broadcasting System*, 666 F.2d at 371; *Rankine v. Roller Bearing Co. of Am.*, No. 12CV2065-IEG BLM, 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013).

In serving a subpoena as overbroad, untailored, and burdensome as this one, Defendant has ignored its "grave responsibility" and statutory obligations to avoid imposing undue burden and expense on a non-party. *See Theofel*, 359 F.3d 1066, 1074 (9th Cir. 2004). As demonstrated *infra*, because (1) the subpoena's requests are not limited to a reasonable time period, (2) the subpoena's requests are overbroad, vague, and seek irrelevant information, and (3) the discovery sought by the subpoena is not proportional to the needs of the case, the subpoena subjects RHSI to undue burden and therefore "must" be quashed. Fed. R. Civ. P. 45(3)(A)(iv).

### A.  The Time Period in the Subpoena is Overbroad.

A subpoena that is not reasonably limited as to time is facially overbroad. *See, e.g., Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09CV0280, 2010 WL 2231890, at *2 (S.D. Cal. June 2, 2010)(holding that "the scope of [the subpoena's] requests [are] overbroad and burdensome on their face" because they sought documents relating to an overbroad time period); *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998) (holding that a subpoena that was not limited "by reasonable restrictions on time … is overbroad on its face."). Here, each of the subpoena's twenty requests demand documents dating from December 1, 2008 to the present, approximately thirteen-year (13) time period. Courts considering similar discovery periods routinely find them to be unwarranted and overbroad. *See, e.g., Moon*, 232 F.R.D. at 638 (finding that a subpoena's requests were "overbroad on their face and exceed the bounds of fair discovery since they seek documents covering over a ten year or greater period[.]") (quotations and brackets omitted).

1  Here, the breadth of the subpoena's stated time period is unwarranted and
2  exceeds the relevant time scope in relation to the subject incident on December 1,
3  2018. Because the subpoena necessarily demands information that both predates and
4  postdates any potentially relevant time period, it is facially overbroad and unduly
5  burdensome and must be quashed. *See Nova Biomedical Corp. v. i-STAT Corp.*, 182
6  F.R.D. 419, 423-24 (S.D.N.Y. 1998) (holding that a subpoena that demanded
7  documents over only a six-year time period was "unduly burdensome" and
8  "overbroad" because it demanded documents that predated the relevant time period).
9  To look for a period that has no direct connection to the lawsuit is nothing more than
10 a fishing expedition and the request is not reasonably calculated.

**B. The Subpoena's Requests are Overbroad, Vague, and Seek Irrelevant Information.**

"While the scope of relevancy is broad for discovery purposes, permissible discovery from nonparties is narrower than that permitted from parties to the action." *Fed. Trade Comm'n v. DIRECTV, Inc.*, No. 15-CV-01129-HSG(MEJ), 2015 WL 8302932, at *4 (N.D. Cal. Dec. 9, 2015). As a result, courts enforce "more stringent restrictions … where discovery is requested from non-parties." *Rankine*, 2013 WL 3992963 at *3; *see also Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 506 (E.D. Cal. 2012)("When the target of discovery is a non-party, the policy favoring liberal discovery may be tempered to protect a non-party from discovery that is unduly burdensome."). One such restriction is the requirement that a subpoena's requests be limited to "particular documentary descriptions." *Williams*, 178 F.R.D. at 110. Adherence to this limitation, coupled with the "relevance [of the documents sought], the need of the party for the documents, the breadth of the document request, the time period covered by it … and the burden imposed" are the primary factors courts consider in "determining whether there is an undue burden" imposed on a non-party by a subpoena. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996)(citing references omitted), a case regularly cited

favorably by the Ninth Circuit. *See, e.g., Moon*, 232 F.R.D. at 636 (C.D. Cal. 2005).

Here, Technicolor has made no effort to adhere to these requirements or to limit the burden imposed on RHSI. Indeed, it is clear that "[n]o attempt had been made to try to tailor the information requested to the immediate needs of the case," and the subpoena is thus "abusively drawn" and must be quashed. *Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 813 (9th Cir. 2003). Of the subpoena's 20 requests, 15 over broadly and improperly demand "[a]ll documents [and/or] communications" and "all internal memoranda, notes, policies, and the like" relating to the vaguely identified area of inquiry, the "failure" or "retrofitting" of tether bars on/for either "Orderpickers" or "Technicolor Orderpickers," without regard to whether the documents captured by the request are relevant. *See Horizon Holdings*, 209 F.R.D. at 215 ("The Court finds both of these requests overly broad, vague and ambiguous on their face … [because] the requests seek 'any and all' documents containing the identified information[.]").

Notably, the terms "Technicolor Orderpickers" or "Orderpickers" as defined are overly broad and irrelevant as they are abusively drawn beyond the specific model of the subject order picker (i.e., EASi-OP30TT). By way of illustration, the subpoena regardless defines and seeks information on all of the following:

- "**Technicolor Orderpickers**" means [sic] the orderpicker lift trucks that are the same make and model of the orderpicker lift trucks that Raymond Corporation, Raymond Handling Solutions, Inc., and/or Raymond Leasing Corporation and any affiliated entity or distributor provided Technicolor Home Equipment Services, Inc. under the Supply Agreement dated January 31, 2018 and includes, <u>but is not limited to</u>, the following models:

    54O-0PC3OTT

    EASi-0PC3OTT

    EASi-OPC30TT

    OPR

4823-9489-7392.3

9

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Raymond EASi Orderpicker Lift Truck 7500

7520

- "**Orderpickers**" means any orderpicker lift trucks supplied, distributed, provided, sold, or leased by Raymond Corporation, Raymond Handling Solutions, Inc., and/or Raymond Leasing Corporation or any affiliated entities or distributors to any Person and includes, but is not limited to, Technicolor Orderpickers.

Notably, the Raymond Model 7500 and 7520 referenced in Definitions sections of the subpoena are not Orderpickers. *See* Corbin Decl. ¶ 10. Orderpickers are "man up" powered industrial trucks with an operator platform that rises and lowers with the forks, thereby allowing the operator to "pick orders" at different levels of racking in a warehouse, and place the items on a pallet secure to the forks at the same height as the operator. *Id*. Because the operator frequently is working on the platform at substantial heights, the operator must wear fall protection that the operator attached to a tether bar on the overhead guard of the Orderpicker. *Id*. at ¶ 11. In contrast, the Raymond Model 7500 and 7520 lift trucks are narrow aisle reach trucks, with an untethered operator standing on the floor of an operator compartment that never moves move up or down like an Orderpicker. *See id*. at ¶ 12. For that reason, the Model 7500 and 7520 are not even equipped with a tether bar, which is the device at issue in the underlying litigation. *Id*.

C. **The Discovery Sought Through the Subpoena Is Not Proportional To The Needs of The Case.**

Pursuant to a recent amendment to the Federal Rules of Civil Procedure, all discovery requests must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether the discovery is "proportional," the factors to be considered are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery sought outweighs its likely benefit."

*Id*. The recent amendment to the Rule "is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse," a concern which is given extra weight where a non-party is the recipient of the discovery request. Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note; *Robert Half Int'l Inc. v. Ainsworth*, No. 14CV2481-WQH DHB, 2015 WL 4662429, at *4 (S.D. Cal. Aug. 6, 2015) ("The Ninth Circuit does not favor unnecessarily burdening nonparties with discovery requests, and, as a result, non-parties deserve extra protection from the courts.") (quotations omitted).

Here, as discussed *supra*, each and every one of the requests is vague, overly broad, not limited to a reasonable time period or scope, irrelevant to the underlying litigation, and thus not "proportional to the needs of the case." In addition, RHSI is not in a position with resources or personnel to respond to such demands without a substantial diversion of time and resources away from its normal business activities in violation of Fed. R. Civ. P. 26(b). RHSI does not maintain its records in a manner that would allow RHSI to readily identify repair, replacement, or service of tether bars on order pickers. Corbin Decl. ¶ 13. The process would require review of every work order generated in the service, maintenance, and repair of countless Orderpickers, none of which include the Orderpicker actually at issue in the underlying litigation. *Id*. This would impose an undue and unreasonable burden on RHSI which, again, did not design, manufacture or sell the underlying Orderpicker, and was in no way involved in the underlying accident. Given the vague and overbroad terms and scope, the subpoena would subject RHSI to an undue burden and significant expense and inconvenience in compliance which outweighs any likely benefit of such discovery in violation of Rule 26 and 45.

/ / /
/ / /
/ / /
/ / /

4823-9489-7392.3

11

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## V. CONCLUSION

For the reasons set forth above, RHSI respectfully requests that this Court quash the subpoena, which subjects RHSI to undue burden.

Respectfully submitted,

DATED: July 2, 2021                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      */s/ Anthony Sonnett*
        Anthony E. Sonnett
        Hye Jin Lee
        Attorneys for RAYMOND HANDLING SOLUTIONS, INC.



4823-9489-7392.3

12

NON-PARTY RAYMOND HANDLING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF